## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## Sara KONCZ, a sole proprietor d/b/a Clio Convalescent Center, Respondent.

## No. 78–1424.

United States Court of Appeals, Sixth Circuit.

Sept. 11, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., John Ferguson, Fredrick Havard, Lawrence Blatnik, Washington, D. C., for the N. L. R. B.

Gerald E. Title, Levin, Levin, Gabett & Dill, Southfield, Mich., Bradley Raymond, Washington, D. C., for respondent.

Before ENGEL and KEITH, Circuit Judges, and BALLANTINE, District Judge*.

## ORDER

This matter is before the court upon application by the National Labor Relations Board for enforcement of its decision and order reported at 236 NLRB 1387 (1978). The order directs the respondent Sara Koncz to cease and desist from refusing to bargain collectively with Local No. 79, Nursing Home Employees Union, Division of Service Employees International Union, AFL–CIO (Union). The Union was chosen as the exclusive bargaining representative by the employees of the nursing home in a consent election held on December 14, 1977. In this election, the Union received 29 votes, the Convalescent Center Independent Employees Committee (Committee), which was the representative of the employees prior to the election, received 24 votes, and four employees voted for no union representation.

The respondent has refused to bargain, claiming that the representation election was invalid because of the Union's misrepresentation that certain employees within the bargaining unit were not, in fact, eligible to vote, and because, prior to the election, the Union misrepresented the job security provisions contained in the pre-existing collective bargaining agreement between the nursing home and the Committee.

Upon a careful examination of the record as a whole, the court is of the opinion that the omission in a campaign letter respecting the dietary aides and cooks could not have had the effect of misleading those employees as to their rights to participate, particularly in view of the other notices which were plainly posted throughout the facility and in view of the absence of any evidence that such employees were, in fact, misled.

The court is also of the opinion that any claimed misrepresentation concerning the arbitration provisions of the pre-existing agreement would not have affected the result of the election, especially in view of the employees' own knowledge of and experience with that agreement. Accordingly,

The order of the Board is enforced.

---

* Hon. Thomas A. Ballantine, Judge, United States District Court for the Western District of Kentucky, sitting by designation.